2 P.3d 108

**STATE of Arizona, Appellee,**

v.

**Rollin Seth TAYLOR, Appellant.**

**No. 1 CA–CR 98–0225.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 4, 1999.

Review Denied May 23, 2000.

Janet A. Napolitano, The Attorney General by Paul J. McMurdie, Chief Counsel Crimi-

nal Appeals Section and Katia Mehu, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Dershowitz & Eiger, P.C. by Victoria B. Eiger, New York, and Karen Kemper, Phoenix, Attorneys for Appellant.

## OPINION

KLEINSCHMIDT, Judge.

¶1 In April 1991 the Defendant was charged with one count of armed robbery and five counts of kidnaping. In August he agreed to plead guilty to one count of armed robbery and one count of kidnaping in exchange for the State's promise to dismiss the four remaining kidnaping counts and to withdraw its allegation of dangerousness. The trial court heard the Defendant's change of plea, and pursuant to Rules 17.2 and 17.3 of the Arizona Rules of Criminal Procedure, found that the pleas were knowing, voluntary, and intelligent and that there was a factual basis for each of them. The court deferred acceptance of the pleas until the time set for sentencing.

¶2 In September 1991 the Defendant failed to appear for his sentencing. Because the trial court could not sentence the Defendant *in absentia, see State v. Fettis,* 136 Ariz. 58, 59, 664 P.2d 208, 209 (1983), it issued a bench warrant for his arrest and vacated the sentencing hearing until he could be apprehended. Later that day, on the State's motion, and over the objection of counsel for the Defendant, the court accepted the pleas.

¶3 In May 1997 the Defendant was extradited from Aruba and brought to court. He moved to withdraw his guilty pleas, arguing that he reasonably believed the plea would not be accepted until he was actually sentenced. He argued that the acceptance of the plea was therefore invalid, and he insisted that he was entitled to withdraw it and withdraw from the plea agreements. *See* Ariz. R.Crim. P. 17.4(b) ("An agreement may

be revoked by any party prior to its acceptance by the court.").

¶4 The trial court found no manifest injustice in holding the Defendant to the plea agreement and subsequently denied the motion to withdraw the pleas. The Defendant was sentenced to concurrent, aggravated prison terms of fourteen years on each count. This appeal followed.[1]

■ ¶5 On appeal, the Defendant refines his argument and says that the trial court could not have validly accepted his guilty plea at the time set for sentencing because he had already repudiated that agreement in two ways: first, by failing to appear at his scheduled sentencing and second, by his attorney's objection to the State's motion that the trial court accept the pleas in his absence. We disagree.

¶6 The Defendant points out that pursuant to Rule 17.4(b) of the Arizona Rules of Criminal Procedure, a plea agreement can be repudiated by either party before the plea has been accepted by the court. He invokes contract law and contends:

> [w]hether [his] conduct is viewed as revocation of an offer to contract under the plea's terms, or as a breach of an agreement already reached, his failure to appear for sentencing plainly conveyed his unwillingness to go forward with that plea agreement, and thus made inappropriate acceptance of the guilty plea that was the basis of the agreement.

■ ¶7 Contract law is not particularly helpful to the defendant because it is well recognized that an individual who claims the benefit of contract law must deal in good faith. *See Graham v. Shooke,* 107 Ariz. 79, 80, 482 P.2d 446, 447 (1971). In other words, to claim the benefit of the rules, a party has to play by the rules.

1. We have jurisdiction over this direct appeal because the Defendant entered his plea agreement in 1991, prior to the statutory amendments prohibiting direct appeal from such agreements. *See* Ariz.Rev.Stat. Ann. ("A.R.S.") § 13–4033(1) (1989); *see also State v. Stevens,* 173 Ariz. 494, 495, 844 P.2d 661, 662 (App.1992) (1992 amend-

ments to jurisdictional statute inapplicable to plea agreements entered before effective date of amendments); cf. A.R.S. § 13–4033(B) (Supp. 1998) (in noncapital cases, the defendant may not appeal from a judgment or sentence entered pursuant to the plea agreement).

¶ 8 In any event we are not obliged to follow blindly the law of contracts in assessing plea … agreements.... Cases may arise in which the law of contracts will not provide a sufficient analogy and mode of analysis. We do not purport to superimpose contract principles upon all such cases.

*United States v. Carrillo,* 709 F.2d 35, 36–37 n. 1 (9th Cir.1983).

¶ 9 We conclude that to claim the benefit of Rule 17.4(b) one must, while working within the legal system, invoke the rule by moving to withdraw his plea or, at the very least, must explicitly advise the other party and the court that he repudiates the agreement upon which the plea is based. Here, the Defendant was at large for almost six years. The State's case against him may have grown weaker, memories may have faded, and witnesses may have disappeared. It would be poor policy to reward an absconder with the option of claiming the benefits of a plea agreement if it suited him or repudiating the agreement if the passage of time made it advantageous to do so.

¶ 10 The argument that the Defendant's counsel repudiated the agreement by objecting to the entry of the pleas has no merit. Counsel was not seeking to withdraw the pleas, he was seeking to prevent the court from accepting them for the time being.

¶ 11 The decision of the trial court is affirmed.

CONCURRING: NOEL FIDEL, Presiding Judge and SARAH D. GRANT, Judge.