NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

ANDREI LELE, *Petitioner.*

No. 1 CA-CR 19-0039 PRPC
FILED 2-20-2020

Petition for Review from the Superior Court in Maricopa County
No.  CR2013-003607-001
The Honorable John R. Doody, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF GRANTED IN PART AND DENIED IN PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Colin F. Stearns
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge Samuel A. Thumma joined.

---

**S W A N N**, Chief Judge:

¶1        In late 2013, Andrei Lele pled guilty to two counts of attempted sexual abuse against adult victims.   The plea agreement provided that "[p]ursuant to A.R.S. § 13-3821, imposition of sex offender registration is within the discretion of the Court."   The superior court imposed a ten-year probation term without a registration condition.

¶2        In 2016, the state filed a petition to revoke Lele's probation. Lele admitted that he had violated a condition of probation.  The superior court revoked his probation and imposed prison terms.  The court also required Lele to register as a sex offender under § 13-3821, which provides:

> A. A person who has been convicted of . . . a violation or attempted violation of any of the following offenses . . . within ten days after the conviction . . . , *shall* register with the sheriff of that county:
>
> . . .
>
> 3. Sexual abuse pursuant to § 13-1404 if the victim is under eighteen years of age.
>
> …
>
> C. Notwithstanding subsection A of this section, the judge who sentences a defendant for any violation of chapter 14 or 35.1 of this title[ ] *or* for an offense for which there was a finding of sexual motivation pursuant to § 13-118 *may* require the person who committed the offense to register pursuant to this section.

(Emphases added.)

¶3        Lele pursued post-conviction relief, contending that the superior court erred by ordering registration under § 13-3821, and that his appointed lawyer's failure to object to the registration order constituted

ineffective assistance of counsel. The court summarily denied relief, concluding that Lele's convictions subjected him to the court's discretionary authority to order registration under § 13-3821(C). Lele petitions this court for review. We grant review, and we grant relief in part.

**¶4** As an initial matter, Lele was not subject to mandatory registration under § 13-3821(A) because his victims were adults. *See* A.R.S. § 13-3821(A)(3). Further, the court lacked discretion to order registration under § 13-3821(C). Section 13-3821(C) permits such an order in two circumstances: (1) when the defendant is sentenced for a violation of an offense set forth in chapters 14 or 35.1 of Title 13 of the Arizona Revised Statutes; or (2) when there was a finding of sexual motivation under § 13-118. Here, though Lele initially was charged with sexual abuse, a chapter-14 offense, he ultimately pled guilty to and was sentenced for attempted sexual abuse, a chapter-10 offense. *See* A.R.S. § 13-1001. Section 13-3821(C) does not authorize a registration order when the defendant is sentenced for an attempted violation of chapter 14. *See State v. Peek*, 219 Ariz. 182, 184–85, ¶¶ 12–20 (2008). The court therefore lacked discretion to order registration based on the nature of the offense. Further, the court lacked discretion to order registration based on sexual motivation. Sexual motivation is not an element of the attempted offense, *State v. Holle*, 240 Ariz. 300, 307, ¶ 34 (2016), and the court made no finding of sexual motivation under § 13-118. Notwithstanding the language of the plea agreement, the registration order was contrary to law and void. *See Coy v. Fields*, 200 Ariz. 442, 444–46, ¶¶ 4–14 (App. 2001). We therefore grant relief in part by vacating the registration order.

**¶5** Lele has not, however, demonstrated ineffective assistance of counsel. To state a colorable claim for ineffective assistance of counsel, a petitioner must show that his or her counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). "[T]he [petitioner's] showing must be that of a provable reality, not mere speculation." *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999). Lele provides nothing, other than the fact of the unlawful registration requirement, to substantiate his assertion of ineffective assistance of counsel. We therefore detect no error in the superior court's summary denial of relief on that claim, and we deny relief with respect to that portion of the superior court's ruling.



AMY M. WOOD • Clerk of the Court
FILED: AA