IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA
*Respondent,*

*v.*

BENNETT LAQUAN WILLIAMS,
*Petitioner.*

No. CR-23-0068-PR
Filed August 6, 2024

Appeal from the Superior Court in Maricopa County
The Honorable Rosa Mroz, Judge (Deceased)
No. CR2016-002220-001
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division One
254 Ariz. 516 (App. 2023)
**VACATED IN PART**

COUNSEL:

Rachel H. Mitchell, Maricopa County Attorney, Quinton S. Gregory (argued), Deputy County Attorney, Phoenix, Attorneys for State of Arizona

Randal McDonald (argued), Robert J. Dormady, Supervising Attorneys; Andi Humphreys; Hayley Worrell, Victoria Sturdy, Rule 39(c) Certified Law Students, Sandra Day O'Connor College of Law Post-Conviction Clinic, Phoenix, Attorneys for Bennett Laquan Williams

Daniel Fenzel, Deputy Legal Advocate, Maricopa County Office of the Legal Advocate, Phoenix, Attorneys for Amicus Curiae Maricopa County Office of the Legal Advocate

JUSTICE BRUTINEL authored the Opinion of the Court, in which CHIEF JUSTICE TIMMER, VICE CHIEF JUSTICE LOPEZ, and JUSTICES BOLICK, BEENE, KING, and PELANDER (Ret.) joined.*

_____

JUSTICE BRUTINEL, Opinion of the Court:

¶1        A defendant's plea agreement must have a factual basis to be accepted by the trial court.  Ariz. R. Crim. P. 17.3(b).  Here, the State concedes that the passage of Proposition 207, the Smart and Safe Arizona Act, constituted a change in the law allowing the defendant, Bennett Laquan Williams, to expunge his prior marijuana conviction, which served as part of the factual basis for his subsequent guilty plea.  We hold that when a defendant successfully attacks a previously accepted guilty plea based on a change in the plea's factual basis, the underlying plea agreement is voidable if the defendant is subsequently resentenced to a term different than what was agreed to in the plea agreement.

## I.        BACKGROUND

¶2        In 2016, the State of Arizona charged Williams with fourteen felonies, including sex trafficking, pandering, transporting persons for prostitution purposes, and various classes of misdemeanor assault.  The State alleged that he was on probation when he committed the crimes.  The State also alleged Williams had seven historical felony convictions.  These convictions included California convictions for theft and possession of an assault weapon, Kansas convictions for possession with intent to distribute cocaine, a Texas conviction for possession of a controlled substance, and—pertinent here—an Arizona use or possession of marijuana conviction from 2004.

¶3        In return for his guilty plea as a repeat offender to two counts of sex trafficking, and his avowal that he had "no more than seven prior felony convictions in any jurisdiction," the State agreed to dismiss the other

---

* Justice William G. Montgomery has recused himself from this case. Pursuant to article 6, section 3 of the Arizona Constitution, Justice John Pelander (Retired) of the Arizona Supreme Court was designated to sit in this matter.

twelve counts of Williams's indictment as well as the allegation that he committed the crimes while on probation. The State further agreed to dismiss any allegations of prior felonies, except the Arizona use or possession of marijuana conviction from 2004.

¶4 Subsequently, in 2017, the superior court accepted Williams's guilty plea to two counts of felony sex trafficking as a repeat offender. Each count was a Class 2, non-dangerous offense, which was made repetitive by, i.e., enhanced by—and exclusively by—the 2004 marijuana conviction. *State v. Williams*, 254 Ariz. 516, 518 ¶ 1 (App. 2023). In the plea agreement, the parties stipulated to two, concurrent, twelve-year sentences.

¶5 After accepting the plea agreement and finding one mitigating factor and four aggravating factors, pursuant to that agreement and A.R.S. § 13-703, the superior court sentenced Williams as a prior offender "with a slightly aggravated term" to twelve years total of incarceration. *See Williams*, 254 Ariz. at 518 ¶ 1; § 13-703(B), (I) (providing that, for a class two offense, "[a] category two repetitive offender shall be sentenced" to a minimum of 6 years, presumptive sentence of 9.25 years, maximum of 18.5 years, and up to 23 years for aggravated offenses).

¶6 In 2020, Arizona voters adopted Proposition 207 (the "Act"), which authorizes expungement of adult convictions for the possession or use of small amounts of marijuana. *Williams*, 254 Ariz. at 518 ¶ 2; *see also* A.R.S. § 36-2862 (codifying the Act). In November 2021, Williams successfully obtained a court order vacating and expunging his 2004 marijuana conviction pursuant to the Act. *Williams*, 254 Ariz. at 518 ¶ 2. Subsequently, Williams petitioned for post-conviction relief ("PCR") under Arizona Rule of Criminal Procedure 33.1(g), claiming that his convictions and resulting sentences were invalid because there was no longer a valid prior offense to enhance his sentence under the plea agreement. *Williams*, 254 Ariz. at 518 ¶ 2. The superior court dismissed the petition, ruling that the Act did not "provide relief for prior convictions [or] the resulting sentencing that occurred" based on those convictions following their expungement. *Id.*

¶7 The court of appeals reversed, vacated Williams's plea agreement, reinstated the original charges against him, and remanded. *Id.* at 521 ¶¶ 16–17. First, the court of appeals reasoned that the Act applied retroactively and allowed Williams to attack his conviction, under Rule

3

33.1(g), based on his plea to a sentence that was enhanced by a crime that no longer existed. *Id.* at 519–20 ¶¶ 11, 13. Then, the court applied contract law principles to find that the plea agreement's terms were materially altered, thereby frustrating the agreement's purpose. *Id.* at 520–21 ¶ 15. And then the court did something neither party requested: it found the plea agreement void, based on its belief that when the agreement's purpose has been frustrated by the lack of a factual basis underlying the plea, the court "lacks authority to order Williams to be resentenced [under that agreement] pursuant to a modified plea." *Id.* ¶¶ 14–17.

**¶8** The State petitioned for review, and Williams agreed that the court of appeals erred in vacating the plea agreement. In fact, the State and Williams disagreed only on whether the State can allege a new prior conviction under the plea agreement, which the agreement's terms precluded.

**¶9** This Court granted review to address two issues. First, whether the court of appeals erred by finding Williams's plea agreement void because of the expungement of his sentence-enhancing marijuana conviction pursuant to A.R.S. § 36-2862. Second, whether the State may unilaterally allege a different prior conviction to enhance Williams's sentence under the existing plea agreement. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution.

## II. DISCUSSION

### A. The Act And The PCR Petition

**¶10** "We review a trial court's ruling on a PCR petition for an abuse of discretion, which occurs if the court makes an error of law . . . ." *State v. Bigger*, 251 Ariz. 402, 407 ¶ 6 (2021). "We review legal conclusions de novo." *Id.*

**¶11** Both in this Court and in the court of appeals, the State conceded that Williams was entitled to relief under Rule 33.1(g). Like the court of appeals, we analyze Williams's claim under Rule 33.1(g) based on that concession. Under Rule 33.1(g), the court of appeals did not abuse its discretion in reversing the superior court's denial of Williams's PCR petition because, following the marijuana conviction's expungement, the factual basis for the crimes that Williams pleaded guilty to—two counts of

4

sex trafficking *as a repeat offender*—no longer existed. *See* Ariz. R. Crim. P. 33.1(g) (providing that PCR is appropriate when "there has been a significant change in the law that, if applicable to the defendant's case, would probably overturn the defendant's judgment or sentence").

**¶12** By its plain terms, the Act allowed Williams to expunge his 2004 marijuana conviction. *See* A.R.S. § 36-2862(C)(1)(a)–(b) ("If the court grants a petition for expungement the signed order . . . shall . . . vacate the judgment of adjudication or conviction [and] [s]tate that it expunges any record of the petitioner's arrest, charge, conviction, adjudication and sentence." (cleaned up)); § 36-2862(E) ("An individual whose record of . . . conviction or sentence is expunged pursuant to this section may state that [he or she] has never been . . . convicted of, or sentenced for the crime that is the subject of the expungement."); *see also Garcia v. Butler*, 251 Ariz. 191, 194 ¶ 12 (2021) ("A statute's plain language best indicates legislative intent . . . ." (quoting *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 195 ¶ 9 (2016))).

**¶13** Before the Act, knowing use or possession of marijuana was a felony and, even if set aside, the conviction could be alleged as a prior offense. A.R.S. § 13-3405(A)(1), (B)(1)–(3) (2019); A.R.S. § 13-905(E)(3) (2019) (stating that a conviction that has been set aside may still be "[u]sed as a prior conviction"). However, after the Act, use or possession of marijuana became legal within certain limits, A.R.S. § 36-2852, and prior convictions arising from such use or possession must be vacated and expunged on request and cannot be used as prior convictions, § 36-2862(C)(1)–(2), (E). The State concedes in this case that the Act significantly changed the law and marks a clear break with prior law because it allowed Williams to expunge the marijuana conviction, making his enhanced sentence retroactively illegal. *See State v. Shrum*, 220 Ariz. 115, 118–19 ¶¶ 15–17 (2009) (noting that, for a Rule 32 PCR petition to be granted on the basis of "a significant change in the law," the new law must: (1) clearly break from past law and (2) have retroactive application); *see also State v. Towery*, 204 Ariz. 386, 389 ¶ 5 (2003) (noting that for purposes of a Rule 32 PCR petition, the court must determine whether the new law "applies retroactively to the [defendant's] sentences).

5

## B. Frustration Of Purpose

¶14        Although the court of appeals did not err in concluding that Williams was entitled to post-conviction relief, it erred in vacating the plea agreement.  Specifically, the court misapplied contract law's frustration of purpose doctrine to void Williams's plea agreement.  *See Williams*, 254 Ariz. at 520–21 ¶¶ 14–17.

¶15        "[P]rinciples of contract law typically govern plea agreements," *State v. Robertson*, 249 Ariz. 256, 262 ¶ 24 (2020), because, like commercial contracts, plea agreements represent "bargained-for quid pro quo[s]," *United States v. Partida-Parra*, 859 F.2d 629, 633 (9th Cir. 1988). Therefore, "[p]lea agreements are contractual in nature and subject to contract interpretation." *Coy v. Fields*, 200 Ariz. 442, 445 ¶ 9 (App. 2001). Issues of law arising out of contract are subject to de novo review.  *JTF Aviation Holdings Inc. v. CliftonLarsonAllen LLP*, 249 Ariz. 510, 513 ¶ 14 (2020).

¶16        We conclude that if a party's principal purpose in entering a plea agreement—in this case, the agreed-upon sentence—is frustrated, the agreement is voidable at the frustrated party's election.  *See* Restatement (Second) of Contracts § 265 cmt. a (Am. L. Inst. 1981) (identifying a principal purpose as one that "so completely [forms] the basis of [a] contract that, as both parties understand, without it the transaction would make little sense"); *see, e.g.*, *United States v. Bunner*, 134 F.3d 1000, 1005 (10th Cir. 1998) (noting that after the government's purpose in entering a plea agreement was frustrated, "[i]t could perform according to the letter of the plea agreement or it could seek discharge of its duties").

¶17        Just as in commercial contracts, there are purposes underlying bargained-for plea agreements "absent which neither [defendants nor governments] would consent to be bound." *Bunner*, 134 F.3d at 1004.   Defendants enter into plea agreements to avoid the uncertainty of a jury trial and the concomitant potential lengthy sentences that could result from a conviction at trial. *Id.* at 1004–05. The government may also want to avoid the uncertainty of a jury trial and obtain certainty in imposing a minimum level of criminal liability. *See id.* at 1005.  To achieve their purposes, each party makes promises to induce the other to enter into the agreement and each party's promises are consideration for

the agreement. *See Carroll v. Lee*, 148 Ariz. 10, 13 (1986) ("[A] promise for a promise constitutes adequate consideration . . . .").

¶18 Here, Williams promised to plead guilty to two sex trafficking charges as a repeat offender with the guarantee that he would be sentenced to twelve years in prison. For the State, twelve years was the minimum level of criminal liability it wanted to impose on Williams. During sentencing, for example, the prosecutor told the sentencing judge that, despite the agreement to a twelve-year sentence, "I don't think 12 years is enough." For both parties, the stipulated twelve-year sentence was a principal purpose of the agreement. Because Williams's expungement and subsequent grant of post-conviction relief requires that he be resentenced, that term of the plea agreement is now uncertain.

¶19 Under the agreement, Williams can no longer be resentenced as a repeat offender. Instead, he must "be sentenced as a first time felony offender pursuant to [A.R.S.] § 13-702 for the first" sex trafficking offense "and as a category one repetitive offender for the second" offense because those acts "were not committed on the same occasion." § 13-703(A). But the twelve-year sentence agreed to in the plea agreement still falls within the sentencing range to which he is now subject. *See* § 13-702(D) (providing that a class 2 first-time felony offender may be sentenced to a minimum of 4 years, presumptive sentence of 5 years, maximum of 10 years, and 12.5 years for an aggravated sentence); § 13-703(H) (prescribing the same sentencing range for a class 2, category one offender as a class 2 offender sentenced under § 13-702(D)). And even if Williams is sentenced to less than twelve years for either count, the sentencing court may impose consecutive sentences so that Williams's sentence could remain twelve total years. *See* A.R.S. § 13-711(A) ("[S]entences imposed by the court may run consecutively or concurrently . . . .").

¶20 Thus, it is possible that Williams could be resentenced to the agreed-upon twelve years. If, however, Williams is sentenced to less than twelve years, one of the State's primary purposes in entering the agreement will be frustrated.

¶21 Arizona courts recognize the frustration of purpose doctrine as "a justification for nonperformance of a contract," *Mobile Home Ests., Inc. v. Levitt Mobile Home Sys., Inc.*, 118 Ariz. 219, 222 (1978), "when a change in circumstances makes one party's performance virtually worthless to the

other," *7200 Scottsdale Rd. Gen. Partners v. Kuhn Farm Mach., Inc.*, 184 Ariz. 341, 345 (App. 1995) (quoting Restatement § 265 cmt. a). Frustration of purpose, which allows the frustrated party to avoid performing their obligations under a contract, is merely a justification for nonperformance because "there is no [actual] impediment to performance by either party." Restatement § 265 cmt. a. Therefore, an event that frustrates a party's contractual purpose makes a contract voidable; that party can still affirm the agreement notwithstanding the occurrence of the frustrating event.

¶22 We adopt the four-part frustration of purpose test from the Restatement § 265 comments a and b. *See 7200 Scottsdale Rd. Gen. Partners*, 184 Ariz. at 348. Under that test, a party claiming frustration of purpose must show: (1) that the principal purpose of the party in making the contract was frustrated and that both parties understood that purpose to be a principal one, (2) the frustration of purpose is "so severe that it is not" merely an assumed risk "under the contract," (3) "the nonoccurrence of the frustrating event [was] a basic assumption" when the contract was formed, and (4) the risk of the frustrating event was not placed on the party seeking relief. *VEREIT Real Est., LP v. Fitness Int'l, LLC*, 255 Ariz. 147, 154 ¶ 20 (App. 2023) (quoting *7200 Scottsdale Rd. Gen. Partners*, 184 Ariz. at 348).

¶23 Applying this test, the first element is clearly met. As noted above, the stipulated twelve-year sentence was a primary purpose for the State and Williams in entering into the plea agreement.

¶24 Second, if, upon resentencing, Williams receives less time than agreed upon because the Act allowed him to expunge his prior felony marijuana conviction, the passage of the Act would be a substantial risk beyond what the State ordinarily assumes when it offers a plea agreement. Indeed, Williams's plea agreement was structured around the 2004 marijuana conviction, and the State could easily have chosen a different prior conviction if the validity of the marijuana prior conviction was uncertain. In other words, any less time than what was agreed upon would severely frustrate the State's purpose in imposing the minimum level of criminal liability it sought. Conversely, if Williams is sentenced to more time than agreed upon, his purpose in entering the agreement would be frustrated as a consequence of unforeseeable legislation.

¶25 Third, we agree with the State that the existing legal effect of the prior conviction was a basic assumption on which the plea agreement

was based. The State could not have reasonably foreseen that the Act would have been enacted by the electorate nor that the Act would provide for expungements of prior convictions. Neither the State nor Williams was in a better position to know that a future change in the law would allow Williams to vacate the 2004 marijuana conviction.

**¶26** And fourth, there is nothing in the agreement or the surrounding circumstances indicating that the risk of expungement of Williams's prior conviction should be borne by the State. Although this Court has explained that the state "'bears the risk' of mistake should [a] plea result in an illegal sentence," we have only said so when a plea agreement contained a legal error *at the time* the agreement was entered into. *See Robertson*, 249 Ariz. at 262 ¶ 24 (quoting *Coy*, 200 Ariz. at 446 ¶ 13)); *see also Coy*, 200 Ariz. at 446 ¶ 12 (quoting *State v. Patience*, 944 P.2d 381, 387–88 (Utah App. 1997) (noting that the state "bears the risk" of a "mistake as to the law in effect *at the time* the parties entered into [a] plea agreement" (emphasis added))). Here, there was no legal error underlying the plea agreement at the time it was entered into.

**¶27** The court of appeals correctly invoked the frustration of purpose doctrine but stopped short of properly applying it. Instead, the court found that voiding the plea agreement is mandatory whenever a prior conviction, upon which a plea is based, is expunged. *Williams*, 254 Ariz. at 520–21 ¶¶ 14–17 (applying *State v. Szpyrka*, 223 Ariz. 390, 393 ¶ 9 (App. 2010), which voided a plea agreement in similar circumstances when—crucially—the State sought rescission from the agreement).

**¶28** A guilty plea is void and vacating the plea is mandatory when there is no factual basis for the plea at the time the trial court accepts the agreement. Arizona Rule of Criminal Procedure 17.3(b) "provides that the trial court must determine that there is a factual basis for the entry of a guilty plea." *See State v. Johnson*, 142 Ariz. 223, 224–25 (1984) (vacating a plea and order accepting the plea agreement when the "allegation of prior convictions" could not be sustained due to a lack of "a factual basis to support the allegation[s] . . . use[d] as enhancement" at the time the trial court accepted the plea);[1] Ariz. R. Crim. P. 17.3(b) ("The court must find a

---

[1] *Johnson* overruled *State v. Lopez*, 120 Ariz. 607 (1978), to the extent *Lopez* arguably precluded the state from reinstating the original charges or

factual basis for all guilty or no contest pleas. . . . The court may make this finding at the time of the plea, or . . . [when] judgment is entered.").

**¶29**        But here, Williams's prior conviction was valid at the time it was entered and the trial court properly accepted Williams's plea and sentenced him according to the parties' plea agreement. Rule 17.3(b) was satisfied because a factual basis existed for Williams's plea agreement "at the time of the plea."

**¶30**        As a result of the expungement and its retroactive application, Williams's guilty plea as a repeat offender is void, but that does not necessarily invalidate the plea agreement. Rather, under the frustration of purpose doctrine, the plea agreement is voidable if the trial court fails to impose the originally agreed-upon twelve-year prison sentence. Thus, if Williams is sentenced to less than twelve years, the State, as the frustrated party, may withdraw from the plea agreement, the original charges will be reinstated, and plea negotiations can begin anew.

**¶31**        Similarly, if Williams is sentenced to more than twelve years, he may withdraw his plea and void the plea agreement because Arizona Rule of Criminal Procedure 17.4(e) would require the sentencing court to "give [him] an opportunity to withdraw the plea." Ariz. R. Crim. P. 17.4(e); *see Smith v. Superior Court*, 130 Ariz. 210, 212 (1981) (noting that, pursuant

alleging a different prior offense when the Court set aside the defendant's guilty plea and remanded. *Compare Johnson*, 142 Ariz. at 224–25 (vacating a plea and reinstating charges against a defendant after finding a lack of a factual basis for the defendant's guilty plea as a prior offender at the time the trial court accepted that plea), *with Lopez*, 120 Ariz. at 607–09 (sustaining a plea of guilty and remanding for entry of judgment and resentencing of a defendant as a first-time offender when the defendant erroneously pleaded guilty as a repeat offender); *see also State v. Draper*, 123 Ariz. 399, 401 & n.1 (App. 1979) (reinstating charges against a defendant so the State could allege another prior conviction when the original prior conviction used as an enhancement was invalid, and noting that *Lopez* was silent as to whether there were other valid prior convictions which could have been used as enhancements in that case). Moreover, neither *Johnson* nor *Draper* permits the State in this case to allege a different prior conviction for sentence enhancement purposes if neither party withdraws from the plea agreement because the State expressly agreed in the plea agreement to not do so.

to Rule 17.4(e), a trial judge properly "advised [a defendant] that he was not accepting the sentence proposed in [an already accepted] plea agreement" and "offered the [defendant] the opportunity to withdraw his plea because the sentence would [have] be[en] more severe than that proposed in the plea agreement"); *accord Williams v. Superior Court*, 130 Ariz. 209, 210 (1981).

**C. Other Prior Felonies**

¶32        The State asks us to deviate from contract law principles to allow it to unilaterally allege another one of Williams's prior felony convictions, in place of the marijuana conviction, under the same plea agreement.   But the plea agreement provides that no "allegation of [Williams's] six other felony convictions" will "be brought against" him.

¶33        Certainly, the analogy between commercial contracts and plea agreements may not hold in every situation because "plea agreements must be construed in light of [other] rights and obligations created by the Constitution."   *Ricketts v. Adamson*, 483 U.S. 1, 16 (1987) (Brennan, J., dissenting); *see also Coy*, 200 Ariz. at 445 ¶ 9 ("[W]e are not always obligated to apply a contract analysis to plea agreements because contract law may not [always] provide a sufficient analogy.").   But here, there is no reason to depart from contract principles.

¶34        We hold that the State is precluded from alleging another of Williams's prior felonies under the existing plea agreement because doing so would unilaterally change a material term of the agreement.   *See Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.").

¶35        Therefore, on remand, the State is left with the promises it made in the original plea agreement should the trial court resentence Williams to twelve years as originally agreed.   But should the trial court resentence Williams to anything less than the agreed-upon twelve-year sentence, the State can withdraw from the agreement.   Likewise, should Williams be resentenced to more than twelve years, he may withdraw his plea and withdraw from the plea agreement pursuant to Arizona Rule of Criminal Procedure 17.4(e).   And if either party withdraws from the plea

agreement, the State may reinstate the original charges and allege Williams's prior convictions. *See Johnson*, 142 Ariz. at 224–25; *Draper*, 123 Ariz. at 401 & n. 1.

### III.    CONCLUSION

**¶36**        We vacate paragraphs 14 through 17 of the court of appeals' opinion, affirm the remainder of the opinion, reverse the trial court's PCR order, and remand the case to that court for re-sentencing.