806 P.2d 907

**STATE of Arizona, Appellee,**

v.

**Bruce Gerald QUICK, Appellant.**

**No. 2 CA–CR 89–0271.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 31, 1991.

Redesignated as Opinion and Publication Ordered March 20, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Bruce M. Ferg, Tucson, for appellee.

Riley, Hoggatt & Suagee, P.C. by Wallace R. Hoggatt, Sierra Vista, for appellant.

## OPINION

ROLL, Presiding Judge.

Defendant Bruce Gerald Quick appeals from his conviction for producing marijuana in the Tonto National Forest. For the reasons set forth below, we vacate the plea agreement and remand for reinstatement of charges.

## FACTS

The grand jury transcript and the change of plea proceedings indicate that the defendant grew marijuana in the Tonto National Forest in Gila County, Arizona. The defendant produced 204 marijuana plants, three to four feet tall, having a wet weight of 74.5 pounds.

## PROCEDURAL BACKGROUND

The defendant was indicted for possession of marijuana for sale, unlawful production of marijuana, possession of a prohibited weapon, possession of a narcotic drug for sale, and unlawful manufacture of a narcotic drug. An agreement was reached whereby the defendant agreed to enter a plea of guilty to unlawful production of marijuana in exchange for the state's dismissal of the charges of possession of marijuana for sale and possession of a prohibited weapon.[1]

At the change of plea proceeding, the prosecutor indicated that evidence would be presented at the sentencing regarding the value of the marijuana. The change of plea agreement indicated that the maximum fine was $150,000 with a 37 percent surcharge thereon.

The plea agreement provided that the defendant was to be sentenced to a presumptive five-year prison term. Five years' imprisonment is the presumptive sentence for the production of marijuana, a class 3 felony. At least one pound of marijuana must be produced in order for the production of marijuana to constitute a class 3 felony. A.R.S. § 13–3405(B)(7). The plea agreement also required the defendant to serve two-thirds of the five-year sentence. Under A.R.S. § 13–3405(C), a person who produces eight pounds or more of marijuana must serve two-thirds of any sentence imposed. No evidence was presented at the change of plea hearing regarding the weight of the marijuana produced.

At the sentencing hearing, the state called Dan Melvin, a member of the Gila County Narcotics Task Force. Agent Melvin testified that the wet weight of the marijuana seized was 74.5 pounds and that under Drug Enforcement Administration (DEA) guidelines, the dry weight was 37.25 pounds. Agent Melvin testified that either weight included stalks and roots. A.R.S. § 13–3401(16) excludes mature stalks from the definition of marijuana. The following additional testimony was elicited:

---

1. The charges of unlawful manufacture of a narcotic drug and possession of a narcotic drug for sale were dismissed prior to the change of plea.

[DEFENSE ATTORNEY]: Are you prepared to testify even to a [sic] educated guess as to what percentage of this plant by weight was salable?

[AGENT MELVIN]: No, sir, I wouldn't. I wouldn't attempt it.

\* \* \* \* \* \*

[PROSECUTOR]: Do you know how much marijuana was seized exclusive of the roots and large stems?

[AGENT MELVIN]: No, I don't.

The agent did testify that most of the weight of a marijuana plant consists of stalks and roots.

No evidence was presented as to the weight of the marijuana, dry or wet, excluding stalks. Without establishing the weight of the marijuana, it was impossible to calculate the appropriate fine, which was to be three times the value of the marijuana. A.R.S. § 13–3405(D). The trial court indicated to respective counsel that the record did not contain evidence of the exact value of the marijuana:

... there certainly hasn't been a definite amount established.

Now, the Court having some limited experience in this, could make a pretty good approximation, but it certainly would be based more on my own experience than the evidence before the Court.

Presumably, the trial court was unable to place a value on the marijuana produced because no evidence was introduced regarding the amount of marijuana seized, after the weight of the stalks was subtracted from the total weight. The trial court offered to permit the attorneys additional time to present evidence regarding value. The attorneys opted to stipulate, for purposes of computing a fine, that the value of the marijuana was $1,500. According to testimony of Agent Melvin, this amount represented the high value of one kilo of marijuana.

The trial court (1) imposed a five-year presumptive sentence; (2) ordered that the defendant serve two-thirds of the sentence before release; (3) imposed a fine of $1,500 multiplied by three, together with a 37 percent surcharge thereon; and (4) imposed a three-year probationary period consecutive to the term of imprisonment.

The defendant filed a notice of appeal. After the state reviewed the record, it questioned (1) the state's jurisdiction to prosecute a crime occurring in a national forest, and (2) the propriety of the probationary period. This court remanded the matter for an evidentiary hearing regarding jurisdiction and, if jurisdiction was found to exist, for resentencing.

Ultimately, the trial court (1) ruled that state jurisdiction existed, and (2) deleted the probationary period, although it did so in the defendant's absence. The defendant has filed a pro se brief and his attorney has filed a supplemental brief.

## ISSUES ON APPEAL

On appeal, defense counsel argues: (1) the trial court implicitly rejected the defendant's change of plea when it added a probationary period to the sentence agreed upon by the parties; (2) the trial court erred when it failed to have the defendant present for his resentencing; (3) imposition of a requirement that the defendant serve two-thirds of the sentence was inappropriate because no factual basis supported such a sentence; and (4) the state lacks jurisdiction to prosecute the matter because the offense occurred in a national forest. The defendant raises several matters related to the above issues, and further argues that trial counsel was ineffective.

Because we conclude that the change of plea must be vacated for the lack of a factual basis, we need not address whether the trial court implicitly rejected the plea agreement and whether the defendant should have been present at resentencing.

### *Jurisdiction*

■ We address the issue of jurisdiction because it is potentially dispositive of this matter. The marijuana produced by the defendant was grown on a portion of the Tonto National Forest. The defendant argues that Congress has pre-empted state law regarding production of marijuana. In this regard, the defendant argues that the

United States has laws against production of marijuana, citing 21 U.S.C. §§ 801, *et seq.*, and, in 1986, Congress enacted the National Forest System Drug Control Act, 16 U.S.C. § 559b *et seq.* The defendant maintains that these enactments reflect Congressional intent to exercise exclusive jurisdiction over drug violations occurring in national forests.

"Generally, a state has complete jurisdiction over the lands within its exterior boundaries." *State v. Vaughn,* 163 Ariz. 200, 203, 786 P.2d 1051, 1054 (App.1989); *State v. Galvan–Cardenas,* 165 Ariz. 399, 401, 799 P.2d 19, 21 (1990). "The burden of showing exclusive federal jurisdiction in a state court prosecution is on the defendant." *Vaughn, supra; Galvan–Cardenas, supra.*

The state points out that Tonto National Park was withdrawn from public domain in 1891, pre-statehood. Accordingly, violators are subject to state criminal jurisdiction unless the federal government acquired exclusive jurisdiction in one of the enumerated methods described in *Vaughn.* The state also emphasizes the federal government policy favoring concurrent federal and state jurisdiction, specifically emphasizing the language contained in 16 U.S.C. § 480:

> The jurisdiction, both civil and criminal, over persons within national forests shall not be affected or changed by reason of their existence, except so far as the punishment of offenses against the United States therein is concerned; the intent and meaning of this provision being that the State wherein any such national forest is situated shall not, by reason of the establishment thereof, lose its jurisdiction, nor the inhabitants thereof their rights and privileges as citizens, or be absolved from their duties as citizens of the state.

The Supreme Court has held that the state retains criminal jurisdiction over national forests. *United States v. County of Fresno,* 429 U.S. 452, 455, 97 S.Ct. 699, 701, 50 L.Ed.2d 683, 687 (1977). "Congress has determined that the states shall maintain concurrent criminal and civil jurisdiction over national forests. See 16 U.S.C. § 480." *United States v. State of California,* 655 F.2d 914, 919 (9th Cir.1980). *See also United States v. Rainbow Family,* 695 F.Supp. 314, 326 (E.D. Texas 1988). The defense has failed to demonstrate Congressional intent to exercise exclusive jurisdiction over criminal offenses occurring in national parks, and, in fact, federal legislation indicates a contrary intent. The state has jurisdiction to entertain this matter.

### Evidence Regarding Amount of Marijuana

The defendant argues that the trial court erred in requiring that the defendant serve two-thirds of the five-year sentence before being eligible for parole. This provision was agreed to by the defendant and the state. Sentence enhancement on this ground is provided for in A.R.S. § 13–3405(C), and is appropriate only when eight or more pounds of marijuana has been produced. The defendant argues that the trial court did not have any evidence before it regarding the amount of marijuana, as that term is defined in A.R.S. § 13–3401(16), the provision which excludes stalks from the definition of marijuana.

The state argues that although strong evidence is required for a factual basis, *State v. McVay,* 131 Ariz. 369, 373, 641 P.2d 857, 961 (1982), such evidence exists when the extended record is considered. *State v. Limpus,* 128 Ariz. 371, 376–77, 625 P.2d 960, 965–66 (App.1981). Specifically, the state points to testimony in the grand jury transcript that 204 plants were produced by the defendant, and that each plant was three to four feet high. The state also relies upon testimony presented at the sentencing hearing that the marijuana had a wet weight of 74.5 pounds, which, under DEA guidelines, totalled 37.25 dry pounds. Finally, the state emphasizes that under Arizona law, in determining the weight of marijuana, the full wet weight is considered. *State v. Smith,* 803 P.2d 443, 445 (Ct.App.1990).

In *Smith,* Division One of this court pointed out that the legislature's exclusion of stalks from the statutory definition of

marijuana represents a rational legislative effort to prohibit only that portion of the plant "of use either for the purpose of ingestion or production." *Id.*

 The trial court abuses its discretion in aggravating a sentence without facts being established in support thereof. *Cf. State v. Jones*, 147 Ariz. 353, 355, 710 P.2d 463, 465 (1985) (factual basis must exist for trial court's finding of aggravating circumstances); *State v. Draper*, 123 Ariz. 399, 599 P.2d 852 (App.1979) (factual basis required for prior conviction as part of plea agreement). In *Draper*, Division One of this court stated:

> [T]here must be a factual basis for the plea of guilty. [Citations omitted.] This rule applies to prior convictions for enhancement of punishment as well as to elements of the substantive offense.

*Id.* at 401, 599 P.2d at 854. In the matter before us, insufficient evidence was presented regarding the weight of the marijuana produced, excluding stalks, and the fact that such weight totalled eight pounds or more. The trial court did have before it evidence that at least the one-pound requirement for a class 3 felony was met. Counsel stipulated that the marijuana had a value of $1,500 and testimony was presented at sentencing that the high value of a kilo of marijuana was $1,500.

No factual basis exists for that portion of the plea agreement requiring the defendant to serve two-thirds of his sentence prior to being eligible for release. "The usual disposition where there is no factual basis for a plea is vacation of the plea and remand with reinstatement of charges." *Draper, Id.* By virtue of the discussion between counsel and the trial court at sentencing, both attorneys were alerted to deficiencies regarding proof as to the quantity of marijuana produced by the defendant. No authority exists for this court to modify the sentence so as to deviate from the intent of both the state and the defendant. Accordingly, this plea must be vacated and the matter remanded for reinstatement of the original charges.

## CONCLUSION

The change of plea was defective because there was an insufficient factual basis to establish that the quantity of marijuana produced was eight pounds or more. The change of plea is ordered vacated and the matter remanded for reinstatement of the original charges.

FERNANDEZ, C.J., and HOWARD, J., concur.