27 P.3d 796

STATE of Arizona, Appellee,

v.

Arthur Leon THOMPSON, Appellant.

No. CR–00–0444–PR.

Supreme Court of Arizona,
En Banc.

July 12, 2001.

Janet Napolitano, Attorney General by Randall M. Howe, Chief Counsel, Criminal Appeals Section and R. Wayne Ford, Assistant Attorney General, Phoenix, Attorneys for the State of Arizona.

James J. Haas, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, Attorneys for Arthur Leon Thompson.

## OPINION.

MARTONE, Justice.

¶ 1 This case requires us to sort out the complexities of Arizona's sentence enhancement statutes. A.R.S. § 13–604 provides for sentence enhancement when the defendant has an "historical prior felony conviction" on his record. Section 13–702.02, which is more lenient than § 13–604, provides for sentence enhancement when a defendant "is convicted of two or more felony offenses that were not committed on the same occasion but that either are consolidated for trial purposes or are not historical prior felony convictions as defined in A.R.S. § 13–604."

## I.

¶ 2 Arthur Leon Thompson committed two drug-related felonies on July 8, 1997 and December 19, 1997, respectively. On December 30, 1997, he committed theft, a class 6 felony. In May 1998, Thompson pled guilty to the two drug offenses but absconded before sentencing. He was taken into custody in September 1998, and was charged with theft. A jury found Thompson guilty of theft on December 17, 1998. He was sentenced on all three convictions at a consolidated hearing on January 29, 1999.

¶ 3 At the sentencing hearing, the state alleged that the drug offenses were historical prior felony convictions within the meaning of A.R.S. § 13–604(V)(1)(c), and that Thompson's theft sentence should therefore be enhanced in accordance with that section. Thompson argued that because he committed the theft before he pled guilty to the drug offenses, they were not historical prior felony convictions, and that he should be sentenced in accordance with A.R.S. § 13–702.02. Without enhancement, theft is a probation-eligible offense with a presumptive sentence of one year in prison and a minimum term of six months. A.R.S. §§ 13–701 to –702. If enhanced under A.R.S. § 13–702.02(B)(4), prison is mandatory, the presumptive sentence is 1.75 years, and the minimum term is 1 year. If enhanced under A.R.S. § 13–604, the presumptive sentence is 3.75 years and the minimum term is 3 years. A.R.S. § 13–604(C). The trial court agreed with the state, applied A.R.S. § 13–604, and sentenced Thompson to three years in prison.

¶ 4 Thompson appealed, arguing that one is not convicted until one has been sentenced. Because he had not been sentenced on the drug offenses before sentencing on the theft offense, he contended that he should have been sentenced under A.R.S. § 13–702.02. The court of appeals agreed and remanded for resentencing. *State v. Thompson*, 198 Ariz. 142, 7 P.3d 151 (App.2000).

¶ 5 We granted review to determine which sentence enhancement statute applies when the defendant commits prior felonies before the offense for which he is being sentenced, yet is convicted of the prior felonies after commission, but before conviction, of the present offense. *See* Rule 31.19(c)(3), Ariz. R.Crim.P.

## II.

¶ 6 When the language of a statute is clear, it is determinative of the statute's construction. *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). We thus turn to the text of the statute. A.R.S. § 13–604(V)(1)(c) defines an "histori-

cal prior felony conviction" as "[a]ny class 4, 5 or 6 felony ... that was committed within the five years immediately preceding the date of the present offense." The statute does not refer to the timing of the conviction for the prior offense. It just requires the prior offense to precede the present offense. Thompson, however, argues that the term "historical prior felony conviction," means the conviction must precede the present offense. But the statute provides only that the prior offense must precede the present offense. We do agree that the language "prior felony conviction" means something: the conviction on the prior offense must precede the conviction on the present offense. In the same subsection of the statute, two of the other definitions of "historical prior felony convictions" presuppose a conviction on the prior offense. A.R.S. § 13–604(V)(1)(a) & (d). It would be absurd for the statute to require a conviction for more serious felonies, but not for less serious felonies such as Thompson's drug offenses.

¶ 7 Here, the drug offenses were committed before the theft offense. So too, the convictions on the drug offenses preceded the conviction on the theft offense. One is convicted when there has been a determination of guilt by verdict, finding, or the acceptance of a plea. *State v. Walden*, 183 Ariz. 595, 615, 905 P.2d 974, 994 (1995). Sentencing is not required. *Id.*, 905 P.2d at 994. Here, Thompson was convicted of the drug offenses by his plea in May 1998. He was convicted on the theft offense by verdict in December 1998. Not only were the drug offenses committed before the theft offense, but also the convictions on the drug offenses preceded the conviction on the theft offense. Thus, Thompson's sentence was properly enhanced under A.R.S. § 13–604.

¶ 8 Thompson argues that the legislature intended to change the result in *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980), when it amended A.R.S. § 13–604 in 1993. The amendments eliminated the provision in A.R.S. § 13–604(H) (redesignated as A.R.S. § 13–604(M)), that provided that "[c]onvictions for two or more offenses not committed on the same occasion but consolidated for trial purposes may, at the discretion of the state, be counted as prior convictions for purposes of this section." 1993 Ariz. Sess. Laws, ch. 255, § 7 (effective Jan. 1, 1994). After this change, A.R.S. § 13–604(M) only proscribes sentence enhancement for so-called spree offenders, i.e., those who commit more than one offense on the same occasion, whether those offenses are tried together or separately. But this is consistent with A.R.S. § 13–604(V)(1)(c). Offenses committed on the same occasion cannot be historical prior felony convictions, because the offenses that are the subject of the prior conviction must have been committed before the present offense.

¶ 9 The 1993 amendments also added A.R.S. § 13–702.02. 1993 Ariz. Sess. Laws, ch. 255, § 99 (effective Jan. 1, 1994). Thompson argues that our reading of A.R.S. § 13–604 renders A.R.S. § 13–702.02 meaningless. Section 13–702.02 provides sentence enhancement for "two or more felony offenses that were not committed on the same occasion but that either are consolidated for trial purposes or are not historical prior felony convictions as defined in § 13–604." A.R.S. § 13–702.02(A). But the scope of A.R.S. § 13–702.02 is consistent with our holding in this case. If offenses are consolidated for trial, the conviction on the prior offense cannot precede the conviction for the subsequent offense. Thus, when felonies are tried together, any enhancement must be pursuant to A.R.S. § 13–702.02. Additionally, any prior offense that predates the present offense by more than the period prescribed by A.R.S. § 13–604(V)(1)(b) or (c) is covered by A.R.S. § 13–702.02. The convictions did not occur at the same time and were not consolidated for trial. And the prior offenses were committed within the time period prescribed by A.R.S. § 13–604(V)(1)(c). Thus, they are historical prior felony convictions.

### III.

¶ 10 We apply the statute as written. If the legislature wants the prior conviction to precede not only the present conviction but also the present offense, it may re-write the statute. We vacate the opinion of the court

of appeals and affirm the judgment of the superior court.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, and RUTH V. McGREGOR, Justice.