IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2003-0080-PR |
| Respondent, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| VIRGINIA L. OFSTEDAHL, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause Nos. CR-20012661, CR-20012675, CR-20013733, and CR-20013781

Honorable Edgar B. Acuña, Judge

REVIEW GRANTED; RELIEF GRANTED

Susan A. Kettlewell, Pima County Public Defender
  By John F. Palumbo                                                                 Tucson
                                                                          Attorneys for Petitioner

H O W A R D, Presiding Judge.

¶1          Pursuant to a plea agreement, petitioner Virginia Louise Ofstedahl pled guilty

to four counts of aggravated driving under the influence of an intoxicant (DUI) while her

license was suspended or revoked and two counts of endangerment. The trial court

imposed a combination of concurrent and consecutive, aggravated sentences totaling fifteen

years. Ofstedahl sought to have that plea agreement vacated and the original charges

reinstated in a petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S., arguing that permitting some of the six counts to be used as historical prior convictions to enhance her sentences under A.R.S. § 13-604 on other counts covered by the plea agreement was contrary to *State v. Thompson*, 200 Ariz. 439, 27 P.3d 796 (2001). This petition for review follows the trial court's denial of the petition. Finding that the trial court abused its discretion in so ruling, *see State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990), we grant review and relief.

## BACKGROUND

¶2 The charges against Ofstedahl arose from four separate incidents, two in July 2001 and two in November 2001, in which she had been arrested for DUI. Ofstedahl and the state attempted to resolve the four resulting criminal prosecutions in a single plea agreement. The agreement provided that Ofstedahl would plead guilty to all of the charged offenses. Citing § 13-604, the agreement further provided that the first aggravated DUI offense, committed on July 4, would be used as an historical prior felony conviction to the offenses of aggravated DUI and endangerment committed on November 6. It further provided that both the July 4 offense and the second aggravated DUI committed on July 16 would be used as historical prior felony convictions for the subsequent offenses of aggravated DUI and endangerment committed on November 11. Ofstedahl pled guilty and provided a factual basis for all counts at one hearing on January 18, 2002, and the trial court accepted the pleas at that time. On February 28, 2002, the trial court rendered

2

judgment and imposed sentence on all counts, enhancing four of the sentences with prior convictions as provided for in the plea agreement.

**¶3** Ofstedahl subsequently filed her petition for post-conviction relief, arguing that her first two convictions could not, as a matter of law pursuant to *Thompson*, serve as historical prior convictions to enhance her sentences for other convictions entered at the same time. As a result, she argued, there could not have been a valid factual basis for the prior convictions. She thus asked that her pleas be vacated and the original charges reinstated. The state did not oppose the request, but cautioned that Ofstedahl would likely face trial and the possibility of considerably more prison time if her pleas were vacated. In her reply, Ofstedahl confirmed the relief she was seeking.

## DISCUSSION

**¶4** Ofstedahl's argument is based on an accurate reading of *Thompson*. There, our supreme court construed the phrase "historical prior conviction" in § 13-604(V) to mean that "the conviction on the prior offense must precede the conviction on the present offense." *Thompson*, 200 Ariz. 439, ¶ 6, 27 P.3d at 798. The court also noted that "[o]ne is convicted when there has been a determination of guilt by verdict, finding, or the acceptance of a plea." *Id.* ¶ 7. The court further explained that enhancement under § 13-604 is not possible "when felonies are tried together." *Id.* ¶ 9. In this context, we can discern no meaningful distinction between convictions based on jury verdicts rendered at a single trial for multiple felonies and convictions resulting from the trial court's acceptance of guilty pleas to multiple felonies at the same hearing. Because the trial court accepted

3

Ofstedahl's guilty pleas in all four cases at the same time, none of the resulting convictions preceded any others. Accordingly, they could not be used as historical prior convictions to enhance the sentences for any of the other convictions encompassed by the same plea agreement.

¶5 In its order denying the petition, the trial court found *Thompson* was not controlling, relying instead on *Davis v. Superior Court*, 126 Ariz. 568, 617 P.2d 520 (1980); *State v. Walker*, 185 Ariz. 228, 914 P.2d 1320 (App. 1995); and *State v. Hanson*, 138 Ariz. 296, 674 P.2d 850 (App. 1983). These cases interpreted former § 13-604(H), which had expressly permitted convictions for crimes not committed on the same occasion but consolidated for trial to be used as prior convictions—colloquially known as "*Hannah*[1] priors"—for sentence enhancement purposes. *See State v. Williams*, 169 Ariz. 376, 380, 819 P.2d 962, 966 (App. 1991). However, the legislature eliminated *Hannah* priors by deleting that provision in its 1993 revision of the sentencing code. 1993 Ariz. Sess. Laws, ch. 255, § 7. Consequently, these cases are not applicable to Ofstedahl's issue.

¶6 The same legislation essentially supplanted the use of *Hannah* priors under former § 13-604(H) with a new statute, A.R.S. § 13-702.02, providing for less severe sentence enhancement for multiple convictions not committed on the same occasion. *See* 1993 Ariz. Sess. Laws, ch. 255, § 12; *State v. Christian*, 205 Ariz. 64, 68 n.11, 66 P.3d 1241, 1245 n.11 (2003). Indeed, the clear lesson from *Thompson* is that § 13-702.02 is the applicable sentencing statute for cases such as Ofstedahl's, in which multiple prosecutions

─────────────

[1]*State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980).

4

are resolved through a comprehensive plea agreement and all pleas are entered at the same time. However, Ofstedahl's plea agreement did not contemplate sentencing under § 13-702.02, and neither party sought resentencing under § 13-702.02 as a resolution to this problem below.

¶7 A critical element of Ofstedahl's plea agreement was this provision permitting some of the resulting convictions to be used as historical prior convictions under § 13-604 to enhance her sentences for other offenses to which she was pleading guilty. When admitting a prior conviction for sentence enhancement purposes is part of a plea agreement, as it was here, a factual basis for the prior conviction must be established, just as a factual basis is similarly required for each element of the substantive offense. *State v. Draper*, 123 Ariz. 399, 401, 599 P.2d 852, 854 (App. 1979); *see also* Ariz. R. Crim. P. 17.6, 16A A.R.S. But that could not be accomplished here because historical prior convictions under § 13-604 were no longer legally possible under the terms and circumstances of this guilty plea process. And, although the plea agreement provided for the illegal enhancement of only four of the six sentences, it is clear that the improper provisions tainted the comprehensive plea arrangement as a whole. Accordingly, the appropriate disposition is to vacate the entire plea agreement and reinstate the original charges. *See Draper*, 123 Ariz. at 401, 599 P.2d at 854.

¶8 Mistakenly believing that Ofstedahl's claim was not controlled by *Thompson*, the trial court abused its discretion in denying the petition. *See State v. Chapple*, 135 Ariz. 281, 297 n.18, 660 P.2d 1208, 1224 n.18 (1983) ("abuse of discretion" includes situations

5

"where the reasons given by the court for its action are . . . legally incorrect"). We appreciate the trial court's observation that applying *Thompson* in this context might "create absurdities": the court noted that sentencing under § 13-604 would have been permissible under Ofstedahl's reading of *Thompson* if it had merely calendared the change-of-plea hearings for each cause number on different dates. But the same anomaly arises in the jury trial context: convictions for distinct crimes rendered at separate trials can be used as historical prior convictions under § 13-604, but *Thompson* is clear that enhancement under § 13-604 is impermissible if the same felonies are tried together. *Thompson*, 200 Ariz. 439, ¶ 9, 27 P.3d at 798. We have no authority to overrule the supreme court's decision in *Thompson*. *See State v. Anderson*, 185 Ariz. 454, 456, 916 P.2d 1170, 1172 (App. 1996).

**¶9**     Accordingly, we grant the petition for review, grant relief, and remand to the trial court for further proceedings in accordance with this decision.


                                        _____
                                        JOSEPH W. HOWARD, Presiding Judge

CONCURRING:



_____
J. WILLIAM BRAMMER, JR., Judge



_____
M. JAN FLÓREZ, Judge


6