IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

STATE OF ARIZONA, *Respondent*,

*v.*

BENNETT LAQUAN WILLIAMS, *Petitioner*.

No. 1 CA-CR 22-0197 PRPC
FILED 2-14-2023

———————————————

Appeal from the Superior Court in Maricopa County
No. CR22-002220-001
The Honorable Rose Mroz, Judge, *Deceased*

**REVIEW GRANTED; RELIEF GRANTED**

———————————————

COUNSEL

Sandra Day O'Connor College of Law Post-Conviction Clinic, Phoenix
By Randal McDonald, Robert J. Dormady
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Respondent*

———————————————

**OPINION**

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

———————————————

**T H U M M A**, Judge:

¶1         In 2017, Defendant Bennett LaQuan Williams pled guilty to two counts of sex trafficking, Class 2 felonies and non-dangerous but repetitive offenses. Although avowing to seven prior felony convictions in a written plea agreement, the prior felony offense referenced making the offenses repetitive was a 2004 felony conviction for possessing or using marijuana. After properly accepting the plea, consistent with its terms, the court then sentenced Williams to concurrent 12-year prison terms for the sex trafficking convictions.

¶2         In 2020, Arizona voters adopted Proposition 207, sometimes called the Smart and Safe Arizona Act (Act), which authorizes expungement of adult convictions for the possession or use of small amounts of marijuana. *See* Ariz. Rev. Stat. (A.R.S.) §36-2862(A) (2023); [1] *see generally State v. Santillanes*, ___ Ariz. ___ (App. Dec. 15, 2022) (discussing and applying the Act). After successfully obtaining an order vacating and expunging his 2004 marijuana conviction, in November 2021, Williams filed this petition for post-conviction relief, claiming that his repetitive offense convictions and sentences were invalid. *See* Ariz. R. Crim. P. 33. The superior court dismissed the petition, concluding the Act "does not provide relief for prior convictions and the resulting sentencing that occurred before the expungement."

¶3         Williams timely filed a petition for review by this court. In response, the State conceded error, noting that the 2004 marijuana conviction "has been expunged, and because the record is insufficient to find the existence of any other allegeable historical prior [felony conviction] that would support enforcing his sentence, Williams' sentence is not authorized by law." For the reasons that follow, this court grants review and grants relief by vacating the plea agreement (and resulting convictions and sentences), reinstating the original charges and remanding for further proceedings consistent with this opinion.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

### I.    Williams' Claim Is Not Precluded.

¶4          This is Williams' third petition for post-conviction relief, although the first one filed after expungement of his 2004 marijuana conviction. Generally, a petitioner must file a claim for post-conviction relief within 90 days after the oral pronouncement of sentence. *See* Ariz. R. Crim. P. 33.4(b)(3). However, a petitioner is not always precluded from raising a claim under Rule 33.1(b) through (h) in a successive or untimely post-conviction relief proceeding if the notice is filed "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B); *see also* Ariz. R. Crim. P. 33.2(b)(1).

¶5          Williams' petition for post-conviction relief alleged, under Rule 33.1(g), that there had been a significant change in the law that, if applicable, would probably overturn his conviction or sentence. The State concedes that Williams is entitled to relief under Rule 33.1(g). As a result, this court analyzes Williams' claim under Rule 33.1(g).[2]

¶6          Rule 33 "does not define 'a significant change in the law.' But plainly a 'change in the law' requires some transformative event, a 'clear break from the past.'" *State v. Shrum*, 220 Ariz. 115, 118 ¶ 15 (2009) (quoting *State v. Slemmer*, 170 Ariz. 174, 182 (1991)); *accord State v. Bigger*, 251 Ariz. 402, 411 ¶ 28 (2021); *State v. Cruz*, 251 Ariz. 203, 206 ¶ 13 (2021); *cf. Slemmer*, 170 Ariz. at 182 ("a significant change in the law" is "a 'sharp break' with the past"). Examples of significant changes in the law include when binding case law is overruled or when a statutory or constitutional amendment is enacted. *Shrum*, 220 Ariz. at 118-19, ¶¶ 16-17. Comparing Arizona law before and after the effective date of the Act shows that the Act is "a significant change in the law." Ariz. R. Crim. P. 33.1(g).

¶7          Before the Act, Arizona law made it a felony to knowingly "[p]ossess or use marijuana," A.R.S. § 13-3405(A)(1) (2022), subject to certain exceptions under the Arizona Medical Marijuana Act enacted after Williams' 2004 marijuana conviction, *see* A.R.S. § 36-2801 to – 2822. Before the Act, Arizona did "not authorize a person's criminal records to be

---

[2] Accordingly, this court need not (and expressly does not) address Williams' arguments under Rule 33.1(c), which were not pressed with the superior court. *See* Ariz. R. Crim. P. 33.16(c)(2) (limiting petition for review by this court to issues raised in the superior court).

expunged or hidden from law enforcement officials." *State v. Mohajerin*, 226 Ariz. 103, 108 ¶15 (App. 2010).

**¶8**        After enactment of the Act, by contrast, adult possession and personal use of marijuana is legalized, subject to limits that do not apply here. A.R.S. § 36-2852. The Act also authorizes expungement of convictions for, among other things, conduct "occurring before the effective date of" the Act for "[p]ossessing, consuming or transporting two and one-half ounces or less of marijuana." A.R.S. § 36-2862(A)(1).

**¶9**        For these reasons, the Act represents a "clear," "sharp" break from prior Arizona law. *See Shrum*, 220 Ariz. at 118 ¶ 15; *Slemmer*, 170 Ariz. at 182. For these reasons, Williams' petition states a claim for relief under Rule 33.1(g) that is not precluded.

## II.    The Act Applies Retroactively.

**¶10**        New constitutional rules of criminal procedure typically do not apply retroactively in collateral proceedings. *See State v. Towery*, 204 Ariz. 386, 389 ¶¶ 6-7 (2003) (following *Teague v. Lane*, 489 U.S. 288 (1989)). Retroactive application applies in "two narrow exceptions:" where the change either (1) "'places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe'" or (2) "is a watershed rule of criminal procedure that is 'implicit in the concept of orderly liberty.'" *Towery*, 204 Ariz. at 389 ¶ 7, 392 ¶ 14 (quoting *Teague*, 389 U.S. at 307, 311). "The Constitution, however, neither forbids nor demands retroactive application of new rules that have become final." *Towery*, 204 Ariz. at 389 ¶ 6.

**¶11**        By legalizing adult possession and personal use of marijuana, the Act prohibits the criminalization of such conduct. Accordingly, the Act falls within the first narrow exception to prospective only application. *See Towery*, 204 Ariz. at 392 ¶ 14 (quoting *Teague*, 489 U.S. at 307). Moreover, the Act itself expressly directs that it applies retroactively. *See* A.R.S. § 1-244 ("No statute is retroactive *unless expressly declared therein*.") (emphasis added). The Act authorizes expungement for specific offenses "based on or arising out of conduct occurring before the effective date" of the Act. A.R.S. § 36-2862(A). An order granting expungement "shall" "vacate the judgment of adjudication or conviction" for any applicable offense, including those committed "before the effective date" of the Act. A.R.S. § 36-2862(C)(1)(a). And when expungement is ordered, the Act also requires the court to grant a motion to dismiss, with prejudice, any pending charges "based on or arising out of conduct occurring before the effective date" of the Act. A.R.S.

§ 36-2862(G). Thus, by its own terms, the Act applies retroactively, *see* A.R.S. § 1-244, meaning Williams properly can invoke its protections in this collateral proceeding.

### III.  Williams Is Entitled to Relief.

**¶12**    The Act mandates that "[a]n arrest, charge, adjudication, conviction or sentence that is expunged pursuant to this section may not be used in a *subsequent* prosecution by a prosecuting agency or court for any purpose." A.R.S. § 36-2862(D) (emphasis added). The superior court found the Act did not apply because Williams pled guilty *before* the effective date of the Act. Put another way, that ruling prohibited the State from using expunged convictions in prosecutions *after* the enactment of the Act. That was error.

**¶13**    Only a "constitutionally valid" prior conviction can be used to enhance a sentence. *State v. McCann*, 200 Ariz. 27, 31 ¶ 17 (2001). In general, under Arizona law, if a prior conviction used to make an offense repetitive is later vacated, the resulting sentence is no longer valid. *State v. Szpyrka*, 223 Ariz. 390, 392 ¶ 4 (App. 2010) (citing *State v. Thompson*, 200 Ariz. 439, 441 ¶ 6 (2001)). Recognizing the need for a factual basis for a prior conviction to make an offense repetitive, when such a prior conviction is later vacated, there is "clearly no factual basis" to support it. *Szpyrka*, 223 Ariz. at 392 ¶ 4. When that happens, the factual basis supporting a plea agreement based on that prior conviction is missing. *See, e.g., id.*; Ariz. R. Crim. P. 17.3(b) (determining a factual basis for a guilty or no contest plea) & 17.6 (requiring a factual basis for a prior conviction); *see also State v. Ofstedahl*, 208 Ariz. 406, 408 ¶ 7 (App. 2004) ("When admitting a prior conviction for sentence enhancement purposes is part of a plea agreement, as it was here, a factual basis for the prior conviction must be established, just as a factual basis is similarly required for each element of the substantive offense."). Although *Szpyrka* involved a prior conviction later vacated on appeal, there is no reason to treat expungements any differently. Accordingly, that same rationale applies here.[3]

---

[3] *Szpyrka* came to this same conclusion even when the defendant later pled guilty to the prior felony that had been vacated on appeal. 223 Ariz. at 392 ¶ 4. In the expungement context, no such later plea could be implicated, given the marijuana offense could not be reinstated.

## IV.    Remedy.

**¶14**          Given the expungement of the only prior felony conviction listed in the plea agreement that allowed Williams to be sentenced as a repetitive offender, he argues that the proper remedy is resentencing as a nonrepetitive offender. The State, by contrast, argues that the proper remedy is to remand for a resentencing hearing, where the State could withdraw from the plea agreement "should it seek to do so."

**¶15**          "'Plea agreements are contractual in nature and subject to contract interpretation.'" *Szpyrka*, 223 Ariz. at 392 ¶ 5 (citation omitted). Where, as here, a plea agreement specifies a sentence, "[n]o authority exists for this court to modify the sentence so as to deviate from the intent of both the state and the defendant." *State v. Quick*, 167 Ariz. 318, 322 (App. 1991). Nor is this a case in which a change in the law, or a legal error, immaterially alters the plea agreement. *See Coy v. Fields*, 200 Ariz. 442, 445 ¶ 10 (App. 2001) (vacating order setting aside a plea agreement, where an impermissible probation option did not "materially alter[] the plea agreement"). Applying *Szpyrka*, when the prior conviction is vacated by expungement, "the terms of the plea agreement were altered materially, frustrating its purpose." 223 Ariz. at 393 ¶ 9. When that happens, "[t]he usual disposition where there is no factual basis for a plea is vacation of the plea and remand with reinstatement of charges." *State v. Draper*, 123 Ariz. 399, 401 (App. 1979); *see also Quick*, 167 Ariz. at 322 (vacating plea where sentence was enhanced with no factual basis); *State v. Bonnell*, 171 Ariz. 435, 438 (App. 1992) (vacating plea and reinstating charges when factual basis to support the conviction was lacking). The parties provide no reason for this court to deviate from this "usual disposition."

**¶16**          In vacating the plea agreement, reinstating the charges and remanding for further proceedings, the court recognizes Williams' avowal in the written plea agreement that he had "no more than" six other prior felony convictions, apart from his now-vacated 2004 marijuana conviction. But because the only prior felony conviction specified in the plea to enhance his sentences has been vacated, the terms of the plea were materially altered, and its purpose frustrated. This court lacks authority to order Williams to be resentenced pursuant to a modified plea as both Williams and the State request.

## CONCLUSION

**¶17**        This court grants review and grants relief by vacating the plea agreement (and resulting convictions and sentences), reinstating the original charges and remanding for further proceedings consistent with this opinion.



AMY M. WOOD • Clerk of the Court
FILED:    AA